UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TRUSTEES OF THE LOCAL 813 INSURANCE
TRUST FUND, THE LOCAL 813 PENSION           MEMORANDUM
TRUST FUND, AND THE LOCAL 813               AND ORDER
AND LOCAL 1034 SEVERANCE AND
RETIREMENT TRUST FUND,                      12-CV-1522 (NG)(RLM)

                  Plaintiffs,

    -against-

INDUSTRIAL RECYCLING SYSTEMS, INC.,
ROGAN BROTHERS SANITATION, INC.,

                  Defendants.
----------------------------------------------------------------x
TRUSTEES OF THE 813 PENSION
TRUST FUND,

                  Plaintiff,                        13-CV-3322 (NG)(RLM)

    -against-

INDUSTRIAL RECYCLING SYSTEMS,
INC., et al.,

                  Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is letter-motion filed by *pro se* defendant Peter Liguori ("Liguori"), "Individually and President of [defendant] Industrial Recycling Systems, Inc. [('IRS') and defendant] Industrial Recycling of N.Y.C., LTD [('LTD')]." See Letter Motion to Compel Location of Depositions and Other Relief (docketed Nov. 14, 2013)

("Liguori Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #74.[1]  In that application, Liguori seeks (1) a court order directing that certain depositions be conducted in Westchester County, rather than at the noticed location (i.e., plaintiffs' counsel's office in Manhattan); and (2) permission to move to dismiss the claims against him individually.  See id.  Plaintiffs oppose both requests.  See Response to Motion (Nov. 18, 2013) ("Pl. Opp."), DE #76.[2]  For the reasons that follow, both aspects of defendants' motion are denied.

    1.  Location of Depositions

Plaintiffs noticed the depositions of the two Liguori-related defendant-entities to be held at their counsel's offices in Manhattan.  See Letter to Liguori (Oct. 9, 2013) ("10/9/13 Pl. Letter"), DE #70-6 at 2.[3]  Liguori objects and requests instead that the Court direct that "the depositions" take place in Westchester County, where Liguori lives and works.  See Liguori

---

[1] For ease of reference, all citations to docket entries are to those in the first-filed case, 12-CV-1522.

[2] Plaintiffs also request an order directing IRS "to appear by counsel and answer the second amended complaint by a date certain and [directing] Liguori . . . to answer the second amended complaint by a date certain."  See Pl. Opp. at 1.  The Court has already ordered all defendants to respond to plaintiffs' most recent pleading by December 2, 2013.  See Endorsed Order (Nov. 25, 2013), DE #80.  Any further relief desired by plaintiffs should be sought in a properly docketed letter-motion.

[3] As part of a now moot motion dated November 5, 2013, to compel responses to discovery demands, See Letter Motion to Compel (Nov. 5, 2013), DE #70; Endorsed Order (Nov. 8, 2013), DE #73, plaintiffs proffered a letter informing Liguori that two different depositions, both issued pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), would be held at plaintiffs' counsel's office in Manhattan:  (1) a notice of deposition for defendant IRS and (2) a notice of deposition for defendant LTD.  See 10/9/13 Pl. Letter; see also Pl. Opp. at 1 (noting that plaintiffs served Rule 30(b) deposition notices on IRS).  Thus, it appears that the disputed depositions do not relate to Liguori in his individual capacity.

Motion. Specifically, Liguori and the corporate defendants are located in Hartsdale, New York — approximately 30 miles from plaintiffs' counsel's office. See Pl. Opp. at 2. Hartsdale and Manhattan are both located within the Southern District of New York.

As a general rule, "the party noticing the deposition usually has the right to choose the location." See Buzzeo v. Bd. of Educ., Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted); see also Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"). Despite the general rule, there is a presumption that depositions of defendants and corporate officers will take place "in the district where the deponent resides or has a principal place of business." Glatt v. Fox Searchlight Pictures, Inc., No. 11 Civ. 6784(WHP), 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012) (internal quotation and citation omitted). Here, however, plaintiffs have noticed Liguori's deposition in the district where he resides and where the corporate defendants maintain their principal place of business -- namely, the Southern District of New York. See Buzzeo, 178 F.R.D. at 392 (general presumption for deposition location loses its significance where the noticed location is within the same district as the corporate defendant's principal place of business). Thus, the issue becomes whether Liguori has shown "good cause" under Rule 26(c) of the FRCP -- as determined through an analysis of cost, convenience and litigation efficiency -- for the issuance of an order modifying the location of the noticed depositions. See Fed. R. Civ. P. 26(c)(1); Buzzeo, 178 F.R.D. at 393; see also Silva Run Worldwide Ltd. v. Gaming Lottery Corp., No. 96 Civ. 3231 (RPP), 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003) ("Trial courts have discretion to deny motions for a protective order after considering the cost, convenience and

efficiency of conducting depositions at the defendant's principal place of business[.]") (collecting cases).

As an initial matter, while Liguori states in general terms that holding the depositions in Westchester County "works easier under the conditions," he does not specify what he means by "conditions." See Liguori Motion. Importantly, he raises no concerns regarding costs. See id. In contrast to Liguori's broad claim of inconvenience, plaintiffs argue that they would incur costs if forced to travel to Hartsdale. See Pl. Opp. at 2. More importantly, plaintiffs note that the relevant case files -- including deposition exhibits -- are located at their counsel's office in Manhattan, a fact relevant to litigation efficiency and convenience. See id.; see also Buzzeo, 178 F.R.D. at 393 (ruling that deposition would be held where the relevant records were located).

Given Liguori's failure to specify how he would be burdened by traveling thirty miles to plaintiffs' counsel's office in Manhattan, which is within the same district as his residence and the corporate defendants' principal place of business, the Court denies Liguori's motion for a protective order.

Fact discovery is scheduled to end in one week, i.e., on December 2, 2013. The Court will *sua sponte* extend discovery but, in light of the December 6th settlement conference, only until December 4, 2013.

    2.  Permission to Move to Dismiss Claims Against Liguori

Liguori additionally seeks permission to move to dismiss the claims against him in his individual capacity. See Liguori Motion. Liguori's request is denied without prejudice,

-4-

inasmuch as dispositive motions should be addressed to the District Court, rather than to the undersigned magistrate judge.[4]

## CONCLUSION

For the foregoing reasons, the Court denies Liguori's motion in both respects, and *sua sponte* extends discovery through December 4, 2013.

**SO ORDERED.**

**Dated:	Brooklyn, New York
	November 25, 2013**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

---

[4] In any event, if the cases do not settle after discovery closes next week, the Court will set a deadline for requesting a premotion conference before Judge Gershon in connection with any motions for summary judgment.